IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CRIMINAL NO. 01-169-02 |
| v. | : |
| | : |
| MARCELLAS HOFFMAN | : |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                              **OCTOBER 14, 2011**

Presently before the Court is Petitioner, Marcellas Hoffman's ("Hoffman"), latest *pro se* filing- a Motion seeking to use Federal Rule of Civil Procedure 60(b)[1] to overturn this Court's denial of his Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 ("First § 2255 Motion"). For the reasons set forth below, this Motion is denied.

**I.      BACKGROUND**[2]

On April 18, 2001, Hoffman was indicted on a five-count indictment which included the

---

[1] Federal Rule of Civil Procedure 60(b) provides, in relevant part, that relief from a judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

[2] The majority of the lengthy procedural background in this matter is taken directly from our prior Memorandum denying Hoffman's § 2255 Motion. See United States v. Hoffman, No. 01-169-02, 2009 WL 3540770, at * 1 (E.D. Pa. Oct. 30, 2009). Moreover, in that decision, we sufficiently set forth the facts surrounding Hoffman's convictions, and will not do so again here.

following charges: (1) Count 1- conspiracy, in violation of Title 21, United States Code, Section 846; (2) Count 2- carrying a firearm during and in relation to a drug felony, in violation of Title 18, United States Code, Section 924(c); (3) Count 3- brandishing a firearm during and in relation to a drug felony, in violation of Title 18, United States Code, Section 924(c); (4) Count 4- discharging a firearm during and in relation to a drug felony, in violation of Title 18, United States Code, Section 924(c); and (5) Count 5- felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g). Hoffman pled not guilty to all charges and the case was scheduled for trial.

Hoffman's trial began on February 25, 2002, and this Court conducted a Rule 404(b) evidentiary hearing as to whether the Government should be able to introduce evidence of Hoffman's prior drug transactions with one of the Government's witnesses, Juan Rosado ("Rosado"). This Court denied the Government's motion and precluded the Government from specifically making reference to Hoffman's prior drug deals with Rosado, as those events were not part of the indictment. On the second day of trial, this Court determined that the Government's questioning of Rosado allowed jurors to infer that Rosado had previously sold drugs to Hoffman, in violation of our ruling excluding this evidence from trial. We, therefore, granted Hoffman's motion for a mistrial.

On March 6, 2003, the federal grand jury returned a Second Superseding Indictment against Hoffman charging him with conspiracy to distribute and to possess with intent to distribute in excess of 100 grams of heroin and in excess of 500 grams of cocaine, in violation of Title 21, United States Code, Section 846 (Count 1); attempting to possess with intent to distribute in excess of 100 grams, that is approximately 390 grams of heroin, in violation of Title

21, United States Code, Section 846 (Count 2); use and carrying of a firearm during and in relation to a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c)(1)(A) (Count 3); conspiracy to commit robbery affecting interstate commerce, in violation of Title 18, United States Code, Sections 1951(b)(1) and (b)(3) (Count 4); using and carrying a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c) (Count 5); and felon-in-possession of a firearm, in violation of Title 18, United States Code, Sections 922(g) and 924(e) (Count 6).

The retrial was held from October 7 through October 10, 2003, and Hoffman was convicted on all counts. The evidence at trial established that Rosado ran a multi-million dollar drug organization distributing cocaine and heroin in Philadelphia and the surrounding areas.

On February 17, 2004, this Court sentenced Hoffman to life imprisonment on Counts One, Two, and Six, to run concurrently. On Count Three, Hoffman was sentenced to 10 years, to run consecutively to the life sentences. On Count Four, he was sentenced to two years, to run concurrently with the 10-year sentence, and on Count Five, Hoffman was sentenced to 25 years to run consecutively to the life sentence and 10-year sentence. (N.T. Feb. 17, 2004 at 153.) Hoffman appealed this conviction to the Third Circuit Court of Appeals.[3] In a decision dated September 13, 2005, the Circuit affirmed Hoffman's conviction, but vacated the sentence in light of United States v. Booker, 543 U.S. 220 (2005), which was handed down subsequent to this Court's sentencing. The case was then remanded to this Court for resentencing. See Hoffman,

---

[3] Hoffman raised the following claims on appeal: (1) there was insufficient evidence to support the conviction; (2) the Government failed to prove a commerce clause nexus; (3) the conviction subjected him to double jeopardy; (4) Speedy Trial Act violation; and (5) his sentence was unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005).

148 Fed. Appx. at 122.

While the case was on remand to this Court, Hoffman's new counsel filed a Motion for New Trial claiming after-discovered evidence under Federal Rule of Criminal Procedure 33. We denied this Motion on October 24, 2006. On December 11, 2006, we resentenced Hoffman to 30 years imprisonment on Counts One, Two, and Six, and 20 years imprisonment on Count Four. Also, with respect to Counts Three and Five, we sentenced Hoffman to sentences of 10 years and 25 years, both to run consecutively to any other sentence imposed. Hoffman then filed a timely appeal in the Court of Appeals. On March 28, 2008, that court affirmed the decisions. See United States v. Hoffman, 271 Fed. Appx. 227 (3d. Cir. 2008).

Hoffman then filed his First § 2255 Motion on March 27, 2009, and raised fourteen (14) ineffective assistance of counsel claims. On October 30, 2009, we denied this Motion on its merits and declined to issue a certificate of appealability. See Hoffman, 2009 WL 3540770, at * 1. Hoffman appealed this denial to the Court of Appeals who denied his request for a certificate of appealability on October 22, 2010.

On April 1, 2011, Hoffman filed a second and successive § 2255 Motion ("Second § 2255 Motion").[4] We dismissed this Motion on April 18, 2011, as a second or successive petition without authorization from the Court of Appeals. On May 9, 2011, Hoffman appealed this denial to the Court of Appeals. While that appeal was pending, Hoffman filed the instant Motion under

---

[4]In this Second § 2255 Motion, Hoffman reasserted many of his same habeas claims, including that trial counsel was ineffective because he failed to investigate inconsistencies in the Government's phone records. These phone records are the subject of this current Motion.

4

Rule 60(b) in an attempt to overturn this Court's decision denying his First § 2255 Motion.[5] In this Motion, Hoffman offers the affidavit of Ben Levitan ("Levitan"), a purported telephone forensics expert, in support of his previous claims of ineffective assistance of counsel. Hoffman asserts that this affidavit comprises newly discovered evidence that supports his previous allegations that his trial counsel failed to properly investigate the Government's use of erroneous telephone records at trial.[6] (Mot. at 7-8, First § 2255 Motion at 40-46.) Hoffman requests relief from this Court's denial of his First § 2255 Motion, and asks this Court to "reopen the previous §2255 judgment and make the appropriate findings of fact and conclusions of law." (Mot. at 7.)

## II. STANDARD OF REVIEW

To collaterally attack a conviction or sentence, a federal prisoner must file a motion under 28 U.S.C. § 2255. In 1996, Section 2255 was amended to limit a federal prisoner to one such motion. Federal Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, 1220 (codified as amended at 28 U.S.C. § 2255 (2000)). After AEDPA's enactment, a "second or successive" petition may be filed only with the approval of the Court of

---

[5]On August 2, 2011, The Court of Appeals denied Hoffman's request for permission to file the Second § 2255 Motion.

[6]Levitan states in his affidavit that he "agreed to review his [Hoffman] material briefly to determine if I believed that Mr. Hoffman should have had the services of a telephony expert in his original trial." (Mot., Ex. 1.) Levitan opined that improper phone records were used by the Government during the trial specifically involving Detective Andrew Callaghan ("Detective Callaghan"), "non-experts [Detective Callahan] were used to opine on matters that require expert opinions," and that a phone company document he reviewed showed an account number which didn't match Hoffman's phone number. (Id.) Levitan concluded that the "telephone evidence in this matter was not properly evaluated nor turned over in discovery in a timely manner that would have allowed evaluation of the discovery by a person skilled in the art of telephony," and Hoffman "should have had the opportunity to engage an expert in this manner prior to trial." (Id.)

5

Appeals, and only if it relies on either a new rule of constitutional law or newly discovered facts. Id.

Similarly, Federal Rule of Civil Procedure 60(b) provides a party a chance to seek relief from a final judgment or ask the court to reopen its case. See Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). In Gonzalez, the Supreme Court considered whether the provisions of AEDPA also "limit the application of Rule 60(b)," even though AEDPA did not directly change Rule 60(b). Id. at 530. The Court held that it did because to find otherwise "would be 'inconsistent with' the statute" and would allow defendants to "circumvent the requirement[s]" of AEDPA. Id. at 531. Thus, the Court held that a 60(b) motion that was deemed to be a "second or successive" habeas petition must meet AEDPA's requirements. Id. A second or successive Rule 60(b) motion is, for example, one "that adds a new ground for relief," or one that "attacks the federal court's previous resolution of a claim *on the merits*." Id. at 532 (emphasis in original). However, a 60(b) claim is not second or successive when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id.[7]

## III. DISCUSSION

Here, Hoffman's 60 (b) Motion is clearly an attempt to file a second or successive § 2255

---

[7]Gonzales held that AEDPA's requirements for second or successive habeas petitions applied to Rule 60(b) when the petitioner previously sought post-conviction relief from state court convictions under 28 U.S.C. § 2254. 545 U.S. at 532 Gonzales explicitly did not rule on whether the same requirements apply to those federal prisoners who previously sought relief under section 2255. 545 U.S. 524, 530 n. 3. However, the Third Circuit has applied the same requirements to federal prisoners under 28 U.S.C. § 2255. See, e.g., Schweitzer v. United States, 215 Fed. Appx. 120, 123 (3d Cir.2007).

Motion and must be dismissed as a successive petition because it attacks our previous resolution of a claim on its merits and does not attack "some defect in the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 532.[8] In the instant Motion, Hoffman attempts for the fourth time before this Court to raise a claim, in one form or another,[9] that his cell phone records were improperly admitted as evidence at trial. Hoffman first argued in a Motion for a New Trial that inconsistencies in his cell phone records constituted "newly discovered evidence." We denied this Motion,[10] and such denial was affirmed on appeal. See Hoffman, 271 Fed. Appx. at 227. Hoffman then claimed in his First § 2255 Motion that trial counsel was ineffective for failing to investigate errors in a Government exhibit which was a computer disk provided by AT&T which summarized calls made to and from his cell phone. As noted, we denied this First § 2255 Motion, and the Court of Appeals denied his request for a certificate of appealability on October 22, 2010. Hoffman then raised this same claim in his Second § 2255 Motion which we dismissed on April 18, 2011, as a second or successive petition without authorization from the Court of Appeals. Hoffman appealed this denial to the Court of Appeals which affirmed on August 2, 2011. Specifically, the Court of Appeals determined that:

> [p]etitioner has not made a prima facie showing that the report of Ben Levitan constitutes "newly discovered evidence that, if proven and viewed in a light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found [him] guilty of the offense." U.S.C. § 2255(h)(1).

---

[9] As noted earlier, Hoffman had raised this claim as an ineffective assistance of counsel claim in his First and Second § 2255 Motions.

[10] See United States v. Hoffman, No. 01-169, 2006 WL 3043107, at *5 (E.D. Pa.Oct. 24, 2006).

7

See United States v. Hoffman, No. 11-2722 (3d Cir., July 2, 2011). Moreover, as also noted, while that appeal was pending, Hoffman filed the instant Motion attempting to raise this same exact claim involving his cell phone records. However, it is clear from the above history that Hoffman's claim in this instant Motion was already considered by this Court and the Court of Appeals on more than one occasion. Accordingly, because Hoffman again attempts to raise this claim in this Rule 60 (b) Motion, it must be denied as a successive § 2555 Motion.

    An appropriate Order follows.